IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF NEBRASKA, et al.,<br><br>　　　　　　　Defendants. | 4:21CV3058<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　This matter is before the court on several motions filed by Plaintiff, a state prisoner who appears pro se and has been granted leave to proceed in forma pauperis ("IFP").

<u>Motion for Leave to Amend (Filing 5)</u>

　　　In Filing 5, Plaintiff requests the court to permit his pleadings to be amended after counsel is appointed. This request will be denied. "A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). Plaintiff's Motion to Appoint Counsel (Filing 4) will be considered when the court conducts its initial review of Plaintiff's complaint.

<u>Motion to Waive Initial Partial Filing Fee (Filing 11)</u>

　　　In Filing 11, Plaintiff requests the court to waive the initial partial filing fee. This request will be denied without prejudice, as moot. The court waived the initial partial filing fee when it granted Plaintiff leave to proceed IFP on March 23, 2021. (See Filing 10.)

## Motion to Waive Cost of Copies (Filing 13)

In Filing 15, Plaintiff requests free file-stamped copies of his filings. This request will be denied. "An IFP litigant is not entitled to free copies of documents that he submitted to the Court." *Duwenhoegger v. Miles*, No. 17-CV-1432 (PJS/TNL), 2017 WL 2799155, at *1 (D. Minn. June 28, 2017); *see In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a) … does not give the litigant a right to have documents copied and returned to him at government expense."); *Fiveash v. Tom Green Cty.*, 30 F.3d 1493 (5th Cir. 1994) (per curiam) (unpublished table decision) ("There is no provision in the statute which gives Fiveash the right to have his pleadings copied and returned to him at Government expense."); *Guinn v. Heckler,* 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not…."); *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).

## (Second) Motion to Amend (Filing 17)

In Filing 17, Plaintiff again requests leave to amend his pleadings after counsel is appointed. This request also will be denied for failure to comply with NECivR 15.1(a). Plaintiff's (Second) Motion to Appoint Counsel (Filing 15) will be considered when the court conducts its initial review of Plaintiff's complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to Amend (Filing 5) is denied.

2. Plaintiff's Motion to Waive Initial Partial Filing Fee (Filing 11) is denied without prejudice, as moot.

3. Plaintiff's Motion to Waive Cost of Copies (Filing 13) is denied.

4. Plaintiff's (Second) Motion to Amend (Filing 17) is denied.

Dated this 26th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge