IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| YOHAN WEBB, | 4:21CV3058 |
|---|---|
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA; PETE RICKETTS; UNKNOWN, Director Lincoln Regional Center (LRC); UNKNOWN, Asst. Director LRC; MARC OSTRANDER; UNKNOWN AFRICAN-AMERICAN FEMALE; UNKNOWN, Building (3); UNKNOWN, Building (5), Living Unit (5); UNKNOWN CAUCASION MALE AGE 50-65, Nurse; UNKNOWN AFRICAN-AMERICAN/ CAUCASION MALES; MATTHEW ACTON, Judge; PETER SNYDER, Administrator; and ASHLEY SACRISTE, LRC Hospital Administrator, | |
| Defendants. | |

Plaintiff, a state prisoner being held as a pretrial detainee at the Lancaster County Jail, filed his pro se Complaint (Filing 1) on March 9, 2021, and was granted leave to proceed in forma pauperis ("IFP") on March 23, 2021. The court will now conduct an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §

1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

II. SUMMARY OF COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983, complaining that he was forcibly restrained and injected with psychotropic medication at the Lincoln Regional Center ("LRC") sometime in April 2020. Plaintiff had been committed to

2

LRC in September 2019 after being found incompetent to stand trial for criminal charges filed in the County Court of Lancaster County.

Defendants include: (1) the State of Nebraska; (2) Governor Pete Ricketts; (3) the LRC Director (name unknown); (4) the Assistant LRC Director (name unknown); (5) Marc Ostrander, Administrator for Building 5 at LRC; (6) an unknown African-American female who gave orders to other staff for Plaintiff to be seized, placed in 4-point restraints, and medicated; (7) an unknown person watching a video monitor who conveyed a message from Building 3 to Building 5 that he or she thought Plaintiff was going to assault somebody, which led to the forced medication; (8) an unknown person who filled the syringe and ordered a white male nurse to inject Plaintiff; (9) the white male nurse, age 50-65, name unknown, who administered the medication; (10) numerous other unknown staff members who "grabbed" Plaintiff; (11) Matthew Acton, Lancaster County Court Judge; (12) Peter Snyder, LRC Administrator; and (13) Ashley Sacriste, LRC Hospital Administrator. All Defendants except the unknown staff members included in #10 above are sued in their individual and official capacities; the unknown staff members included in #10 above are sued only in their official capacities.

Plaintiff requests an award of damages, and also seeks court orders revoking LRC's "medical license" and requesting that the state "Medical Board Standards" and federal law enforcement agencies conduct an investigation into the incident.

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* In addition, the Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator*

3

*Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). The Lincoln Regional Center is a state mental hospital operated by the Nebraska Department of Human Services. *See* Neb. Rev. Stat. §§ 71-911, 83-101.06.

Claims for a declaration of past constitutional violations against the state, its agencies, and state employees in their official capacities are also barred by Eleventh Amendment immunity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (*Ex Parte Young* exception to Eleventh Amendment immunity "applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past). Injunctive relief "'is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, (1983)). Likewise, to warrant declaratory relief, "the injury still must be clearly impending." *Vorbeck v. Schnicker*, 660 F.2d 1260, 1265 (8th Cir. 1981). However, a state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908).

Plaintiff is no longer committed to LRC, and lacks standing to sue a state official for injunctive or declaratory relief. *See Martin*, 780 F.2d at 1337 ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions. Appellant is now imprisoned in [a different facility]. Thus, his claims for injunctive relief are moot. For the same reason, he does not have standing to seek declaratory relief." (citations omitted)). Moreover, it is well-established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another*." Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007). Plaintiff's request for the court to revoke LRC's "medical license" is frivolous, and not a form of relief that is available in this case. *See, e.g, Cranford v. Eyiuche*, No. 1:16-CV-00783-GSA-PC, at *3 (E.D. Cal. July 9, 2018) (holding that

court does not have authority under § 1983 to revoke license of nurse at state hospital who allegedly refused Plaintiff medical treatment).

It follows that Plaintiff is limited to pursuing individual-capacity claims for damages. All official-capacity claims are subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

"It is well settled that § 1983 does not impose *respondeat superior* liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Plaintiff's claims against Governor Ricketts, the LRC Director and Assistant Director, Marc Ostander, Peter Snyder, and Ashley Sacriste, are based solely on conclusory allegations that these Defendants are responsible for the actions of their subordinates. Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted against these Defendants.

Plaintiff claims Judge Acton should be held liable for committing Plaintiff to LRC. A judge is immune from suit, including suits brought under 42 U.S.C. § 1983, to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Woodworth*, 891 F.3d at 1090-91 (quoting *Schottel*, 687 F.3d at 373). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Judge Acton's ordering the commitment of Plaintiff to LRC was clearly an act that was performed in his judicial capacity, and Nebraska law grants county court judges the authority to commit criminal defendants to a state hospital for the mentally ill when it has been determined that the defendant is mentally incompetent to stand trial and there is a substantial probability that the

defendant will become competent within the reasonably foreseeable future. *See* Neb. Rev. Stat. § 29-1823. Thus, Judge Acton has absolute immunity from suit.

It only remains to be determined whether plausible claims for relief are stated against (1) the unknown person who allegedly reported that Plaintiff might assault somebody, (2) the unknown African-American female who allegedly gave orders to other staff for Plaintiff to be seized, placed in 4-point restraints, and medicated, (3) the unknown person who allegedly filled the syringe and ordered a white male nurse to inject Plaintiff, and (4) the unknown Caucasian male nurse, age 50-65, who allegedly administered the medication. (Numerous other unknown staff members who allegedly seized Plaintiff are sued only in their official capacities, and, as such, are immune from suit in federal court.)

The Supreme Court has held that under *Washington v. Harper,* 494 U.S. 210 (1990), "forcing antipsychotic drugs on a convicted prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness," and that "the Fourteenth Amendment affords at least as much protection to persons the State detains for trial." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992). Procedural protections include the right to an independent decisionmaker as well as for "notice, the right to be present at an adversary hearing, and the right to present and cross-examine witnesses." *Doby v. Hickerson*, 120 F.3d 111, 113 (8th Cir. 1997) (quoting *Harper*, 494 U.S.at 233, 235). None of these procedural protections appear to have been afforded to Plaintiff.[1]

"Neither pretrial detainees nor civilly committed individuals may be punished without running afoul of the Fourteenth Amendment." *Karsjens v. Lourey*, 988 F.3d 1047, 1052 (8th Cir. 2021). "Regarding pretrial detainees, this prohibition against punishment encompasses conditions of confinement." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979)).

---

[1] Notably, Plaintiff alleges that the State applied for a court order authorizing involuntary medication in January 2020, which Judge Acton denied. Plaintiff also alleges that a psychiatric evaluation conducted in February 2020 determined he was competent to stand trial, and that he was diagnosed with an anti-social personality disorder which is not treatable with medication

> In analyzing whether a condition of confinement is punitive, courts "decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell*, 441 U.S. at 538, 99 S.Ct. 1861. Unless the detainee can show "an expressed intent to punish ..., that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation'" to such alternative purpose.

*Id.*

Upon initial review, the court concludes Plaintiff's Complaint, given a liberal construction, states plausible claims for relief against (1) the unknown female staff member who ordered Plaintiff's seizure, restraint, and forced medication, (2) the unknown person who filled the syringe with psychotropic drugs and directed that Plaintiff be medicated, and (3) the unknown male nurse who gave the injection. *See, e.g., Abram v. Leon*, No. 8:20CV469, 2021 WL 736451, at *1 (D. Neb. Feb. 25, 2021) (civilly committed mental patient stated plausible claims for relief against security guards and unit manager who allegedly gave him forced injectable medication "as a way to silence" him). On the other hand, the person who reported that Plaintiff might be going to assault someone is not alleged to have been directly involved in the decision to forcibly medicate Plaintiff. *See id.* (no plausible claim alleged against two security specialists who were not accused of approving or of administering the forced medication). Here, Plaintiff does not even allege that the person was anything other than negligent in making the report. "[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cty. of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998).

IV. PENDING MOTIONS

Plaintiff has filed two motions requesting appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel.... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel ...." *Id.* (quotation and citation omitted). No

such benefit is apparent at this time. Thus, Plaintiff's motions to appoint counsel (Filings 4, 15) will be denied without prejudice. Plaintiff has also filed a motion for initial review of his Complaint (Filing 20), which will be denied as moot.

## V. CONCLUSION

Plaintiff's plausibly alleges that 3 unknown staff members at LRC violated his right to due process by forcibly administering psychotropic medication,[2] but in all other respects Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff's claim against the State of Nebraska, and all official-capacity claims, will be dismissed. The individual-capacity claims against Governor Ricketts, the LRC Director and Assistant Director, Marc Ostander, Peter Snyder, and Ashley Sacriste are based on vicarious liability, which has no application in a § 1983 action. Judge Acton, in his individual capacity, is entitled to judicial immunity.

"It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention."[3] *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *see Majors v. Baldwin*, 456 F. App'x 616, 617 (8th Cir. 2012) (per curiam; unpublished)

---

[2] The court cautions Plaintiff that this is only a preliminary determination based solely on the allegations in his Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

[3] "It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit. *See Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995) (Posner, C.J.). This rule has been relaxed, however, in actions brought by *pro se* litigants. *Id.* In a number of cases analogous to that at bar, appellate courts have found error in a trial court's refusal to assist a *pro se* plaintiff in identifying a defendant. This is particularly so where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997).

(remanding for further consideration the pre-service dismissal of claims against unnamed defendants who it appeared could be identified); *Wheat v. Schriro*, 80 F. App'x 531, 534 (8th Cir. 2003) (per curiam; unpublished) (reversing dismissal of retaliation claim against unidentified third-shift corrections staff where "there is no reason to believe that on remand their identities could not be discovered"); *cf. Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (district court did not err in dismissing claims against Doe defendants where complaint "does not sufficiently allege who the Doe Defendants are, what they allegedly did, what their position is for the City, or any other facts that would permit the Doe Defendants to be noticed or identified through discovery"); *Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (per curiam; unpublished) (affirming pre-service dismissal where the only named defendant, a prison warden, was not alleged to have any personal involvement in, or direct responsibility for, alleged denial of medical care, and it was impossible to discern from complaint which medical-staff employees were responsible for denying plaintiff care). In this case, it may be possible for Plaintiff to learn the names of the unknown defendants through discovery.

As a litigant proceeding in forma pauperis, Plaintiff is entitled to have service of process performed by the United States Marshals.[4] *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). However, the Marshals Service cannot initiate service upon unknown defendants. *Valentine v. Brown*, No. 8:16CV131, 2016 WL 3910259, at *2 (D. Neb. July 14, 2016).

---

[4] Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

9

The court will allow the State of Nebraska to be served with process so that Plaintiff may serve the State with written interrogatories for the limited purpose of discovering the identity of the individuals who allegedly violated Plaintiff's constitutional rights.[5] Plaintiff must comply with Federal Rule of Civil Procedure 33 and Nebraska Civil Rule 33.1 in serving these written interrogatories. The court will also expedite discovery by permitting Plaintiff to serve such written interrogatories as soon as an appearance has been entered on behalf of the State.[6] But the State shall *not* be required to respond to Plaintiff's Complaint; it will only be required to enter an appearance in response to the summons. It is the court's intention that the State will be dismissed from the action after answering Plaintiff's written interrogatories.

On the court's own motion, Plaintiff shall have 90 days in which to file an amended complaint that alleges a plausible claim for relief against one or more LRC staff members, including at least one person who is identified by name, for violating Plaintiff's due process rights under the Fourteenth Amendment by forcibly administering psychotropic medication.

---

[5] The court authorized a similar procedure in another case filed by Plaintiff. *See Webb v. State of Nebraska*, No. 8:19CV416 (Filing 45, Jan. 22, 2020).

[6] Rule 26 of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). However, this court's General Order No. 2020-01 provides that "all pro se civil cases (where the plaintiff is proceeding without a lawyer) that are assigned to a district judge for trial, whether filed by a prisoner or not, are exempted from the disclosure and conference requirements of Federal Rule of Civil Procedure 26." (Filing 7, pp. 2-3, ¶ 17.) "The court will not issue a scheduling packet in a pro se civil case assigned to a district judge. Instead, the court will issue a progression order, addressing discovery and other issues, approximately thirty days after the last defendant has answered. No discovery in pro se civil cases assigned to a district judge may take place until a progression order is entered unless the court's [*sic*] orders otherwise. Requests to engage in discovery before the court enters the progression order must be made by motion." (*Ibid.*, p. 3, ¶ 18.) In this case, the court is ordering that Plaintiff may engage in limited discovery prior to the entry of a progression order.

If Plaintiff files an amended complaint within 90 days of today's date, the court will conduct another initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether the case may proceed. Otherwise, this action will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED:

1. This action shall proceed to service of process against the State of Nebraska solely for the purpose of permitting Plaintiff to serve written interrogatories upon the State in order to determine the identity of LRC staff members who are alleged to have violated Plaintiff's constitutional rights. The State need only enter an appearance; it shall *not* be required to respond to Plaintiff's Complaint (Filing 1), as to which the court has determined the State has Eleventh Amendment immunity.

2. All claims alleged against the following Defendants, in their individual and official capacities, are dismissed, and they shall no longer be parties to this action:
    a. Pete Ricketts
    b. Unknown, Director Lincoln Regional Center (LRC);
    c. Unknown, Asst. Director LRC;
    d. Marc Ostrander;
    e. Unknown, Building (3);
    f. Unknown African-American/Caucasion Males;
    g. Matthew Acton, Judge;
    h. Peter Snyder, Administrator; and
    i. Ashley Sacriste, LRC Hospital Administrator.

3. All official-capacity claims alleged against the following Defendants are dismissed:
    a. Unknown African-American Female;
    b. Unknown, Building (3); and
    c. Unknown Caucasion Male Age 50-65, Nurse.

4. After service of process has been obtained and the State of Nebraska has entered an appearance, Plaintiff, in accordance with applicable Federal Rules of Civil Procedure and the court's local rules, may serve one set of written interrogatories upon the State for the limited purpose of discovering the identity of the LRC staff members who are alleged in the Complaint (Filing 1) to have violated Plaintiff's due process rights by forcibly medicating him.

5. Plaintiff shall have 90 days from today's date in which to file an amended complaint which states a claim upon which relief may be granted against one or more LRC staff members. In his amended complaint, Plaintiff must identify at least one defendant by name. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

6. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

7. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

8. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **August 17, 2021—amended complaint due**.

9. Plaintiff's motions to appoint counsel (Filings 4, 15) are denied without prejudice.

10. Plaintiff's motion for initial review (Filing 20) is denied, as moot.

11. For service of process on the State of Nebraska, the Clerk of the Court is directed to complete a summons form and a USM-285 form using this address:

    Office of the Nebraska Attorney General
    2115 State Capitol
    Lincoln, NE 68509

12. The Clerk shall then forward these completed forms, together with a copy of the Complaint (Filing 1) and a copy of this Memorandum and Order, to the Marshals Service for service upon said Defendant by certified mail or other authorized method. *See* Fed. R. Civ. P. 4(j)(2); Neb. Rev. Stat. § 25-510.02.

13. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

14. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 19th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge