IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, et al.<br><br>Defendants. | 4:21CV3058<br><br>**MEMORANDUM<br>AND ORDER** |

In a Memorandum and Order entered on May 19, 2021, the court found on initial review that Plaintiff's Complaint plausibly alleges that unknown staff members at the Lincoln Regional Center violated Plaintiff's right to due process by forcibly administering psychotropic medication, but that in all other respects Plaintiff's Complaint fails to state a claim upon which relief may be granted. The court ordered that the action would proceed to service of process against the State of Nebraska solely for the purpose of permitting Plaintiff to serve written interrogatories upon the State in order to determine the identity of the LRC staff members who are alleged to have violated his constitutional rights, but claims alleged against the State and other named defendants were dismissed.

On June 16, 2021, Plaintiff filed a motion in which he requests that the court reconsider its ruling and allow the action to proceed against Judge Matthew L. Acton in his official and individual capacities for committing Plaintiff to the Lincoln Regional Center. (Filing 29.) The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999). However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders."[5] *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir. 2003) (citing *Broadway,* 193 F.3d at 989); *see Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018).

Under Rule 60(b), a court may grant a party relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005))

Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's non-final order of May 19, 2021. He has not shown that the dismissal of any claim or any party was the result of manifest error of law or fact, nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff's motion for reconsideration will be denied

Also on June 16, 2021, Plaintiff filed a motion in which he requests leave to serve interrogatories on Brandon Cernin, Health Information Management, at the Lincoln Regional Center. (Filing 30.) This request will be denied. The only discovery that will be permitted at this time is service of one set of interrogatories on Defendant State of Nebraska for the limited purpose of discovering the identity of the LRC staff members who are alleged in the Complaint to have violated Plaintiff's due process rights by forcibly medicating him. This set of interrogatories may be served after the Nebraska Attorney General has entered an appearance on behalf of the State. Service may be accomplished by regular mail sent to the address provided in the notice of appearance. *See* Fed. R. Civ. P. 5(b) & 33. So that there

will be no misunderstanding, the court stresses that the interrogatories attached to Filing 30 are <u>not</u> directed to Defendant State of Nebraska and are <u>not</u> deemed to be served by reason of their filing. Plaintiff also requests in Filing 30 that the interrogatories be served by the United States Marshal, and that the Marshal's service fee be waived. This request is moot and will be denied.

On June 22, 2021, Plaintiff filed a motion to amend his pleadings. (Filing 32.) Plaintiff has been granted leave to file an amended complaint by August 17, 2021, against one or more LRC staff members. (See Filing 21, p. 12.) The proposed amended complaint attached to Filing 32 identifies only one defendant, the Nebraska Department of Health and Human Services. As the court has previously explained, state agencies are immune from suit under 42 U.S.C. § 1983. To the extent Plaintiff is attempting to sue the unknown DHHS Director and Assistant Director in their individual capacities for damages, there are no facts alleged to support such claims. In addition, Plaintiff cannot seek to obtain declaratory or injunctive relief against these officials because he is no longer at the Lincoln Regional Center. In sum, Plaintiff's motion to amend is frivolous and will be denied. However, on its own motion, the court will grant Plaintiff an additional 60 days to file an amended complaint.[1]

On July 1, 2021, Plaintiff filed a motion in which he requests that the court enter an order directing the U.S. Marshal to serve interrogatories upon the State of Nebraska, and that the Marshal's service fee be waived. (Filing 33.) This motion will be denied in all respects. The discovery the court has previously authorized should be accomplished without any court involvement. <u>No discovery papers are to be filed with the court until needed for trial, resolution of a motion, or on the court's order</u>. NECivR 5.4(a). As with Filing 30, the interrogatories attached to Filing 33 are <u>not</u> deemed to have been served upon Defendant by reason of their filing. Plaintiff states he has no funds but has not demonstrated that he is unable to serve discovery papers from the Lancaster County jail as "legal mail" without prepayment of postage.

---

[1] The court notes that the State of Nebraska was served with summons on July 13, 2021. (See Filing 38.)

3

Finally, on July 9, 2021, Plaintiff filed a third request for appointment of counsel. (Filing 36.) There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, __ Fed. App'x __, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). First, this is not a complex case. Plaintiff claims that he was forcibly restrained and injected with psychotropic medication at the Lincoln Regional Center. Second, Plaintiff has demonstrated through extensive filings that he has the ability to investigate the facts and to present his claims, at least through the initial stage of the litigation. Third, this case is still at the pleading stage, so there is no conflicting testimony. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 2021 WL 2285235, at *2 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, Plaintiff's renewed request for appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to reconsider (Filing 29) is denied in all respects.

2. Plaintiff's motion to issue order for service of interrogatories and to waive service fees (Filing 30) is denied in all respects.

3. Plaintiff's motion to amend (Filing 32) is denied without prejudice.

4. Plaintiff's motion to serve interrogatories and to waive service fees (Filing 33) is denied in all respects.

5. Plaintiff's renewed motion to appoint counsel (Filing 36) is denied without prejudice.

6. On the court's own motion, Plaintiff shall have until October 18, 2021, to file an amended complaint in accordance with the court's Memorandum and Order of May 19, 2021. The Clerk of Court is directed to modify the pro se case management deadline accordingly.

Dated this 23rd day of July 2021.

                                          BY THE COURT:

                                          *Richard G. Kopf*
                                          Richard G. Kopf
                                          Senior United States District Judge