IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, et al.<br><br>               Defendants. | 4:21CV3058<br><br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff, a state prisoner being held as a pretrial detainee at the Lancaster County Jail, filed his pro se Complaint (Filing 1) on March 9, 2021, and was granted leave to proceed in forma pauperis ("IFP") on March 23, 2021.

      The court conducted an initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and, in a Memorandum and Order entered on May 19, 2021 (Filing 21), determined that a plausible claim for relief under 42 U.S.C. § 1983 is stated against three unknown staff members at the Lincoln Regional Center ("LRC") who allegedly violated Plaintiff's due process rights by forcibly administering psychotropic medication. Claims against all other Defendants were dismissed, but the court allowed the State of Nebraska to be served with process solely for the purpose of permitting Plaintiff to serve written interrogatories to determine the identity of the three unknown LRC staff members.

      The court then gave Plaintiff 90 days to file an amended complaint which states a claim against one or more LRC staff members, at least one of whom must be identified by name, and instructed Plaintiff to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him. The court subsequently extended the filing deadline by 60 days, to October 18, 2021. (See Filing 39.)

      Plaintiff's Amended Complaint (Filing 46) was received and docketed on October 1, 2021. The court will now conduct an initial review of this pleading.

## I. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## II. DISCUSSION

The court, on its initial review of Plaintiff's original Complaint dismissed all claims against the State of Nebraska and all official-capacity claims against state officials and employees because Eleventh Amendment immunity bars claims for

damages or for a declaration of past constitutional damages, and because Plaintiff lacks standing to sue state officials for prospective declaratory or injunctive relief since he is no longer committed to LRC. (See Filing 21 at 3-5.) Plaintiff attempts to revive these claims in his Amended Complaint, but will not be permitted to do so.

The court also dismissed all individual-capacity claims against Governor Pete Ricketts, the LRC Director (name unknown), the LRC Assistant Director (name unknown), and Ashley Sacriste (the LRC Hospital Administrator), because such claims were based solely on conclusory allegations that these Defendants are responsible for the actions of their subordinates.[1] Plaintiff attempts to revive these individual-capacity claims by instead alleging that Defendants "failed to provide policy and to implement training which relates to the criteria that a LRC patient must meet for anti-psychotic medication to be involuntarily administered without a court order to do so." (Filing 46 at 2-4, ¶¶ B, D, F, G.) Plaintiff also makes this same allegation against eight new Defendants who are sued in their individual capacities: (1) Nebraska Dept. of Human Services ("NDHS") Director (name unknown); (2) NDHS Asst. Director (name unknown); (3) NDHS Director of Training (name unknown): (4) LRC Director of Training (name unknown); (5) LRC Director of Nursing (name unknown); (5) APRN Mike Streeter; (6) RN Patty Osterhouse; (7) RN Craig Cooper; and (8) "Unit Manager (unknown by name / 1st shift 7am-3pm for Building 5, Unit 5)." (Filing 46 at 2-4, ¶¶ C, D, E, G, H.) Essentially, Plaintiff is alleging these Defendants were negligent, but "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cty. of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998).

Also, "[s]ection 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights." *Johnson v. City of Ferguson*, 926 F.3d 504, 506 (8th Cir. 2019). A supervisor may be held personally liable "if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." *Perkins v. Hastings*, 915 F.3d 512, 524 (8th Cir. 2019) (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001)). This requires a showing that the supervisor "(1) had notice of a pattern of unconstitutional acts

---

[1] For the same reason, the court dismissed claims against Defendants Marc Ostander and Peter Snyder, but they are not named as defendants in the Amended Complaint.

3

committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing injury to [Plaintiff]." *Brewington v. Keener*, 902 F.3d 796, 803 (8th Cir. 2018) (quotation marks and citations omitted). Plaintiff has still failed to allege any facts to support a claim for supervisory liability.

On its initial review of Plaintiff's original Complaint, the court also dismissed all claims against Defendant Matthew Acton, based on judicial immunity. Plaintiff has again named Judge Acton as a defendant on the untenable theory that county judges are not entitled to any immunity because they are gubernatorial appointees rather than elected county officials. Under the functional approach to immunity law, the critical inquiry is in what capacity the defendant was acting at the time of the allegedly unconstitutional or unlawful conduct. *Brown v. Griesenauer*, 970 F.2d 431, 436 (8th Cir. 1992).

The remaining individuals named as Defendants in Plaintiff's Amended Complaint are all LRC staff members who hold the job classification of "Security Specialist II." They are: (1) Sasha Wehrbin; (2) Josh Ray; (3) Andrew Lighthall; (4) Ashton Krogman; (5) Meyers Davis; (6) Warner Dutton; and (7) Edo Keniabarido.

Plaintiff alleges staff came into his room on February 13, 2020, and "grabbed" him after receiving an order from Wehrbin to do so (Filing 46 at 5); staff members who restrained him were Ray, Lighthall, Krogman, Davis, Dutton, and Keniabarido (Filing 46 at 6); Streeter gave the order to administer the medication (*ibid*.); and the injectable medication "apparently" was prepared by RN Patty Osterhouse and administered by RN Craig Cooper (*ibid*.). Plaintiff alleges the medication was administered even though he was not a danger to himself or others and he had not assaulted anyone, which is contrary to established policy. (Filing 46 at 5-7.) Plaintiff alleges he was not given any notice that he "would have anti-psychotic medication involuntarily administered by injection without a court order …." (Filing 46 at 6.) Plaintiff theorizes he was picked at random for experimental drug testing. (Filing 46 at 7.) Plaintiff alleges he suffered adverse medical reactions to the injection and was traumatized by the forced medication. (Filing 46 at 7-8.)

Plaintiff's Amended Complaint is simultaneously sparse and convoluted, but the court finds Plaintiff has alleged sufficient facts to state plausible claims for relief

against the seven security specialists and the three nurses, all in their individual capacities only, for violating Plaintiff's procedural and substantive due process rights. *See, e.g., Abram v. Leon*, No. 8:20CV469, 2021 WL 736451, at *1 (D. Neb. Feb. 25, 2021) (civilly committed mental patient stated plausible claims for relief against security guards and unit manager who allegedly gave him forced injectable medication "as a way to silence" him). All other federal or state-law claims will be dismissed for the reasons stated above, and because the court does not have subject-matter jurisdiction over the state-law claims. *See Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017).

### III. PLAINTIFF'S MOTIONS

On October 1, 2021, Plaintiff filed a motion "to serve interrogatories … to identify unknown defendants in the amended complaint. (Filing 47.) This motion will be denied. Plaintiff has not alleged a plausible claim for relief against any of the unknown defendants listed in the Amended Complaint.

On October 1, 2021, Plaintiff also filed a "request for service of process by the United States Marshal and to waive the cost of service upon the named defendants with a summons and copy of the complaint." (Filing 49.) This request will also be denied. As stated above, the court will only direct service of process for nine Defendants. Plaintiff will not be required to prepay the cost of service by the United States Marshal, but the service costs are not waived.

Finally, on October 12, 2021, Plaintiff filed a "motion to appoint specific counsel." (Filing 50.) For the reasons stated by the court in denying Plaintiff's previous requests for appointment of counsel (see Filing 39 at 4; Filing 21 at 7-8), this motion will be denied. The relevant circumstances have not changed. In any event, the court has no obligation to appoint Plaintiff's choice of counsel.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to serve interrogatories (Filing 47) is denied.

2. Plaintiff's request for service of process (Filing 49) is denied.

3. Plaintiff's motion to appoint specific counsel (Filing 50) is denied.

4. Defendant State of Nebraska shall no longer be a party to this action and shall not be required to respond to any additional discovery requests by Plaintiff, or to supplement any responses already provided.

5. This matter shall proceed to process on Plaintiff's § 1983 due process claims alleged against the following ten Defendants, in their individual capacities only:

    a. Mike Streeter;
    b. Patty Osterhouse;
    c. Craig Cooper;
    d. Sasha Wehrbin;
    e. Josh Ray;
    f. Andrew Lighthall;
    g. Ashton Krogman;
    h. Meyers Davis;
    i. Warner Dutton; and
    j. Edo Keniabarido.

6. All other claims against those ten Defendants, in either their individual or official capacities, are dismissed without prejudice.

7. All claims against all other Defendants listed in the Amended Complaint, in their individual and official capacities, are dismissed without prejudice, and they shall not be parties to this action.

8. For service of process on the ten Defendants listed in paragraph 3 above, the Clerk of Court is directed to complete a summons form and a USM-285 form for each Defendant using the address "Lincoln Regional Center, "801 W. Prospector Pl., Lincoln, NE 68522."

9. The Clerk of Court is further directed to issue a summons form and USM-285 form for each Defendant using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509." *See* Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section

6

81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

10. The Clerk of Court shall then forward the completed summons forms to the Marshals Service together with a sufficient number of copies of Plaintiff's Amended Complaint (Filing 46) and this Memorandum and Order.[2]

11. The Marshals Service shall serve Defendants Mike Streeter, Patty Osterhouse, Craig Cooper, Sasha Wehrbin, Josh Ray, Andrew Lighthall, Ashton Krogman, Meyers Davis, Warner Dutton, and Edo Keniabarido, in their individual capacities, at "Lincoln Regional Center, "801 W. Prospector Pl., Lincoln, NE 68522," by certified mail or other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

12. In addition, the Marshals Service shall serve Defendants Mike Streeter, Patty Osterhouse, Craig Cooper, Sasha Wehrbin, Josh Ray, Andrew

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Lighthall, Ashton Krogman, Meyers Davis, Warner Dutton, and Edo Keniabarido, in their individual capacities, at "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," by certified mail or other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. §§ 25-510.02 and 25-511.

13. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

14. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a pro se case management deadline in this case with the following text: "January 19, 2022: Check for completion of service of summons."

15. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 21st day of October 2021.

>BY THE COURT:
>
> *Richard G. Kopf*
> Richard G. Kopf
> Senior United States District Judge