IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE STREETER, et al.<br><br>Defendants. | 4:21CV3058<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on four motions filed by Plaintiff.

In Filing 55, Plaintiff again renews his request for appointment of counsel. For the reasons stated by the court in denying Plaintiff's previous requests for appointment of counsel (see Filing 51 at 5; Filing 39 at 4; Filing 21 at 7-8), this motion will be denied. The relevant circumstances have not changed.

In Filing 57, Plaintiff requests the issuance of a "certificate of appealability" pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Neither of these rules provide for a "certificate of appealability." Rule 3 specifies the procedure for filing a notice of appeal, and Rule 4 specifies when the notice must be filed. Plaintiff also cites Rule 22 of Federal Rules of Appellate Procedure. While Rule 22 does provide a procedure for the issuance of a certificate of appealability, it only applies to habeas corpus and Section 2255 proceedings. It has no application here.

Liberally construing Filing 57, Plaintiff may be requesting the court to certify an interlocutory appeal from the court's October 21, 2021 Memorandum and Order (Filing 51), in which the court dismissed certain claims while allowing other claims to proceed to service of process. The court will not grant such a request, however.

Normally, only a final order or judgment can be appealed to an appellate court. *See* Fed. R. Civ. P. 54; 28 U.S.C. § 1291. A decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment. *Reinholdson v. Minn.*, 346 F.3d 847, 849 (8th Cir. 2003); *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 204 (1999). The appellate courts have jurisdiction over certain interlocutory decisions, however. *See* 28 U.S.C. §§ 1291-1292. Under 28 U.S.C. § 1292(b),

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b).

Also, Federal Rule of Civil Procedure 54 (b) states that "when an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. *Id.*

Here, claims remain to be adjudicated after the partial dismissal. Neither the provisions of 28 U.S.C. § 1292 nor Rule 54(b) apply in these circumstances. This case does not involve a controlling question of law as to which there is substantial ground for difference of opinion, nor will an immediate appeal materially advance the ultimate termination of the litigation, and the court declines to find that there is no just reason for delay. Thus, the partial dismissal is not a final judgment and is not immediately appealable.

In Filing 59, Plaintiff requests the appointment of a 3-judge panel pursuant to Nebraska Civil Rule 9.1(c) to consider certification of an interlocutory appeal under § 1292(b). This local rule applies to "an action or proceeding under 28 U.S.C. § 2284 or any other federal law" that must be heard by three district court judges. NECivR 9.1(c). Title 28, Section 2284, requires "[a] district court of three judges [to be] convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or

the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a) (Westlaw 2021). That statute has no application here, and § 1292(b) does not require or provide for a 3-judge panel.

Finally, in Filing 60, Plaintiff renews his request for service of summonses. In the court's October 21, 2021 Memorandum and Order (Filing 51), the Clerk of Court was directed to issue certain summonses and the United States Marshal was directed to serve the same without requiring prepayment of fees from Plaintiff. The court will not grant further relief, such as requiring the Clerk of Court to provide Plaintiff with copies of returns of service when filed. Plaintiff may contact the Clerk periodically to determine whether service has been accomplished, and he should do so shortly in advance of the January 19, 2022 service deadline if he has not received copies of Defendants' responses to his Amended Complaint by then.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for appointment of counsel (Filing 55) is denied without prejudice to reassertion.

2. Plaintiff's motion for certificate of appealability (filing57) is denied.

3. Plaintiff's motion for a three-judge panel (Filing 59) is denied.

4. Plaintiff's motion to serve summons (Filing 60) is denied.

Dated this 15th day of November 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge