IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>             Plaintiff,<br><br>    vs.<br><br>MIKE STREETER, et al.<br><br>             Defendants. | 4:21CV3058<br><br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on Plaintiff's fifth request for appointment of counsel (Filing 116.) As the court has previously explained, there is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

      "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

      First, this is not a complex case. Plaintiff claims that he was forcibly restrained and injected with psychotropic medication at the Lincoln Regional Center (LRC).

      Second, Plaintiff has demonstrated through extensive filings that he has the ability to investigate the facts and to present his claims, at least through this stage of the litigation. The court permitted Plaintiff to conduct certain preliminary discovery to ascertain the identity of unknown LRC staff members, and he has now named ten Defendants in his Amended Complaint, all of whom have answered.

Third, this case has only reached the discovery stage, with a progression order having been issued on February 2, 2022, so there is no conflicting testimony.

As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See id.* (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Restrictions allegedly placed on mail service at the Lancaster County Jail do not warrant appointment of counsel. If time becomes an issue, the progression order may be modified upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4).

Having considered the factors outlined above, Plaintiff's renewed request for appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that Plaintiff's renewed motion to appoint counsel (Filing 116) is denied without prejudice.

Dated this 16th day of February 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge