IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>    Plaintiff,<br><br>vs.<br><br>MIKE STREETER, et al.,<br><br>    Defendants. | 4:21CV3058<br><br>**MEMORANDUM<br>AND ORDER** |

  This matter is before the court on three "requests to take judicial notice" filed by Plaintiff (Filings 129, 132, 133).

  "A request for a court order must be made by motion," Fed. R. Civ. P. 7(b)(1), and should clearly be designated as such in the caption. *See* NECivR 10.1(a)(3) "A document must plainly show the case caption, a description or designation of its contents, and the party or person/entity on whose behalf it is filed."); NECivR 10.1(b)(4) ("A document filed nonelectronically must include the same information as an electronically filed document."). If the filed document is not designated as a "motion" the court's Case Management/Electronic Case Files System (CM/ECF) will not notify the assigned judge that any ruling is required on the document.

  A motion must "state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b)(1)(B)&(C). The court's local rules further provide that:

> A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. The brief must be separate from, and not attached to or incorporated in, the motion or index of evidence. The brief must concisely state the reasons for the motion and cite to supporting authority. A party's failure to brief an issue raised in a motion may be considered a waiver of that issue. The brief must not recite facts unless supported as described in Nebraska Civil Rule 7.1(a)(2).

NECivR 7.1(a)(1)(A). "If a motion requires the court to consider any factual matters not stated in the pleadings, when filing the supporting brief the moving party must also file and serve supporting evidentiary materials not previously filed." NECivR 7.1(a)(2)(A). Unless listed and hyperlinked in the brief, "evidentiary materials may not be attached to the brief but rather must be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates." NECivR 7.1(a)(2)(B). "An affidavit must identify and authenticate any documents offered as evidence." NECivR 7.1(a)(2)(C). Even though Plaintiff is proceeding pro se, he is "bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g).

### Filing 129

In the caption to Filing 129, Plaintiff requests the court "to take judicial notice 28 USC § 201(c)(2) of this pleading and the contents herein pursuant to Fed. R. Civ. P. 60(b)(3) for reconsideration."

28 U.S.C. § 201 is not an existing statute. This citation presumably is intended as a reference to a provision in Rule 201 of the Federal Rules of Evidence, which states that a district court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The court may judicially notice a fact that is not subject to reasonable dispute either it either: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The only facts which are subject to judicial notice in Filing 129 are matters of record, as set out in paragraphs 1-4. The remaining paragraphs contain statements for which there is no proper evidentiary support or are simply argumentative.

Plaintiff apparently is requesting reconsideration of the court's Memorandum and Order entered on March 3, 2022 (Filing 126), which denied Plaintiff's motion for an extension of time to serve discovery requests (Filing 123). Plaintiff claims the order was entered as a result of "fraud …, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

"To prevail on a Rule 60(b)(3) motion, the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (cleaned up). Plaintiff has not met this burden.

Plaintiff contends Defendants' response to his motion for extension of time (Filing 125) was untruthful because it stated Plaintiff had not served any discovery requests. Defense counsel has presented evidence that while he received Plaintiff's interrogatories on March 3, 2022, the same date Defendants' response was filed with the court, he was unaware of this fact at the time of filing. (See Filing 130.) This misstatement of fact, however, did affect the court's ruling, which was based solely on Plaintiff's failure to show good cause for modifying the case progression schedule to extend the March 4, 2022 discovery deadline. A showing that Plaintiff served interrogatories before the deadline is not good cause for granting an extension.

Plaintiff also complains in the body of Filing 129 that he lacks sufficient access to law libraries and explains he is engaged in extensive pro se litigation. These are matters which could have presented in his motion for extension of time (Filing 123), but were not. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988)). "They are not to be used to 'introduce new evidence that could have been adduced during pendency' of the motion at issue." *Id.* (quoting *Hagerman*, 839 F.2d at 414).

Plaintiff concludes Filing 129 with a request that defense counsel be required to produce the mailing envelope for Plaintiff's interrogatories and that Defendant Cooper be required to answer certain interrogatories. The first portion of this request is unnecessary, and the second portion is an improper motion to compel discovery. Apart from a lack of competent evidence showing noncompliance, there is no certification of a good faith effort to resolve this dispute. *See* Fed. R. Civ. P. 37(a)(1) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); NECivR

7.1(j) ("[T]his court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord.").

## Filing 132

In the caption to Filing 132, Plaintiff requests the court "to take judicial notice … of the contents herein in replying to the defendant's response to plaintiff's motion for reconsideration." The document basically is a reply brief, but it concludes with a request that Defendants be sanctioned for misrepresentation or fraud. The court has considered Plaintiff's arguments but, for the reasons explained above, will deny the request for imposition of sanctions as unwarranted. In any event, Defendant's counsel promptly corrected the misstatement. *See* Fed. R. Civ. P. 11(c)(2).

## Filing 133

In the caption to Filing 133, Plaintiff requests the court to take judicial notice of an affidavit "to serve interrogatories … on (2) LRC unidentified individuals who are not named as defendants in this civil suit." Plaintiff apparently is asking the court to require Defendants to identify these individuals and then to permit Plaintiff to serve those individuals with interrogatories. The motion will be denied because Plaintiff can request this information from Defendants through normal discovery channels, at least to the extent that applicable discovery deadlines have not already expired. In addition, the Federal Rules of Civil Procedure do not provide for serving interrogatories on nonparties. *See* Fed. R. Civ. P. 33. They can only be deposed. *See* Fed. R. Civ. P. 30 & 31. If Plaintiff is again requesting an extension of the discovery deadline, in order to serve Defendants with interrogatories regarding the identity of the nonparties, the request will be denied because there is not showing of good cause for modification of the case progression order. *See* Fed. R. Civ. P. 16(b)(4).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Filing 129, treated as a motion, is denied in all respects.

2. Plaintiff's Filing 132, treated as a motion, is denied in all respects.

3. Plaintiff's Filing 133, treated as a motion, is denied in all respects.

Dated this 1st of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5