IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>    Plaintiff,<br><br> vs.<br><br>MIKE STREETER, in his individual capacity; PATTY OSTERHOUSE, in her individual capacity; CRAIG COOPER, in his individual capacity; SASHA WEHRBIN, in her individual capacity; JOSH RAY, in his individual capacity; ANDREW LIGHTHALL, in his individual capacity; ASHTON KROGMAN, in his individual capacity; DAVIS MEYERS, in his individual capacity; WARNER DUTTON, in his individual capacity; and EDO KENIABARIDO, in his individual capacity;<br><br>    Defendants. | **4:21CV3058**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on Plaintiff's Notice of Appeal (filing 142) and a memorandum from the Clerk of the Court requesting a ruling as to Plaintiff's authorization to proceed in forma pauperis on appeal (filing 143). For the reasons set forth below, the court finds that pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff may not take this appeal in forma pauperis.

  A litigant seeking to appeal a judgment must either pay the required filing fees, *see* Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to § 1915(a). Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appellant

demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958).

An appeal is frivolous when none of the legal points are arguable on their merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978 79 (8th Cir. 1964).

The order from which Plaintiff is attempting to appeal—the court's order denying Plaintiff's motion to modify the case progression schedule (filing 135) dated March 30, 2022—is clearly not appealable. The order does not qualify as a "final decision[]" capable of appeal under 28 U.S.C. § 1291. In addition, the order does not fall within the narrow class of appealable interlocutory orders under § 1292(a).

Because Plaintiff is attempting to appeal from an order that is not appealable, the court certifies that the appeal is not taken in good faith.

IT IS THEREFORE ORDERED that Plaintiff may not proceed on appeal in forma pauperis.

Dated this 11th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge