IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>        Plaintiff,<br><br>vs.<br><br>MIKE STREETER, et al.<br><br>        Defendants. | 4:21CV3058<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on Plaintiff's seventh motion to appoint counsel (Filing 150). As the court has previously explained, there is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

      "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

      First, this is not a complex case. Plaintiff claims he was forcibly restrained and injected with psychotropic medication at the Lincoln Regional Center. Second, Plaintiff has demonstrated through extensive filings that he has the ability to investigate the facts and to present his claims. Plaintiff claims he needs an attorney because he does not have the financial resources to depose Defendant Craig Cooper, but Plaintiff has not demonstrated the necessity of taking such deposition, or shown

that the information could not be obtained by other means of discovery.[1] A plaintiff's indigency, by itself, is not a sufficient reason to appoint counsel.[2] Third, there is no conflicting testimony at this stage of the litigation. Having considered the factors outlined above, Plaintiff's renewed request for appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that Plaintiff's renewed motion to appoint counsel (Filing 150) is denied without prejudice.

Dated this 21st day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] The court denied Plaintiff's motion to depose Defendant Cooper on April 6, 2022. See Filing 140.

[2] Plaintiff states he "is aware that a court appointed counsel can incur the costs associated with the taking of said deposition and recoup the costs in 'attorney fees' from the U.S. District Court." (Filing 150) This is not entirely correct. Under this court's Amended Plan for the Administration of the Federal Practice Fund, counsel who agree to accept an appointment to represent an indigent pro se civil litigant are entitled to a fee of up to $2,000. Appointed counsel are also authorized to incur up to $500 in reasonable and necessary reimbursable expenses, including court reporter fees for depositions of essential witnesses. Counsel must obtain advance approval from the court before incurring any reimbursable expense that would take the total of such expenses over $500. The client remains responsible for litigation expenses even if the court allows the client to proceed in forma pauperis or appoints counsel, and must repay any amounts reimbursed from the Federal Practice Fund if the case settles with a payment of money, fees, and costs awarded under 42 U.S.C. § 1988 or other statute, or the client is awarded money damages.